603 F.2d 212
 85 Lab.Cas. P 11,210
 Unpublished Disposition
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
 National Union of Hospital and Health Care Employees,
Retail, Wholesale and Department Store Union,
District 1199, Appellant
v.
Herbert Kallen et al., Appellees.
 
 No. 78-7617.
 United States Court of Appeals, Second Circuit.
 March 13, 1979.
 Before FEINBERG, TIMBERS, and MESKILL, Circuit Judges.
 
 
 1
 FEINBERG, C.J.
 
 
 2
 This Cause came on to be heard upon an appeal of District 1199, National Union of Hospital and Health Care Employees, RWDSU, AFL-CIO from an order dismissing the complaint which sought to confirm and enforce an arbitration award against appellees, entered on November 20, 1978. The court heard argument of counsel for District 1199, National Union of Hospital and Health Care Employees, RWDSU, AFL-CIO and appellee Robert P. Whalen on February 28, 1979. Appellee Herbert Kallen did not submit any papers or appear for argument in this court. District 1199 and appellee Whalen have stipulated to discontinuance of the appeal upon condition suggested in open court. A copy of the stipulation, dated February 28, 1979, is attached hereto.
 
 
 3
 On Consideration Whereof, it is ordered and adjudged by the United States Court of Appeals for the Second Circuit that the said order of Judge Broderick entered in this action be vacated, and the case is remanded. On application of appellant, the district court shall enter judgment confirming that amount of the arbitration award dated March 17, 1978 entered against Robert P. Whalen, solely in his capacity as Receiver for the Smithtown Nursing Home and its affiliated institutions, and not against Whalen in his individual capacity or as Commissioner of Health of the State of New York. It is further ordered that any enforcement proceeding with respect to the said judgment against Whalen is to be referred to the Supreme Court of the State of New York, Albany County, which appointed the Receiver.
 
 
 4
 It appears from the record and form statements of the other parties in open court that there was no basis for the finding that the arbitration award against appellee Kallen has been satisfied. Thus the case is remanded for reconsideration of this issue and for appropriate disposition thereafter.